## Elias C. Hall *vs.* Henry S. Green.

### Lincoln.    Opinion January 9, 1895.

*Husband and Wife.    Marriage and Divorce.    Support of Children.*

When a wife by the decree which divorces her from her husband obtains the right of having the custody and care of their minor child, she thereby assumes and the husband relinquishes the responsibility and duty of thereafter supporting such minor child, although he may be required to assist her in supporting the child by such contributions and allowances as the court shall impose on him for that purpose, by the original or by any subsequent decree in the proceedings of divorce. But no common law action can be maintained against him by any one for any expenses incurred for such support which accrued after the date of the decree of divorce.

*Harvey* v. *Lane*, 66 Maine, 536, approved.
*Gilley* v. *Gilley*, 79 Maine, 292, examined.

On report.

This was an action of assumpsit for the support of a minor child of the defendant after he had been divorced on the libel of the mother, who afterwards married the plaintiff. The facts are sufficiently stated in the opinion.

*True P. Pierce, and Howard E. Hall*, for plaintiff.

Counsel argued : The divorce and the decree giving the custody of the child to the mother did not absolve the father from liability to support his child. The defendant ought not to be permitted to take advantage of his own wrong,—his misconduct toward the wife and child,—to avoid his liability, &c.

Counsel cited : *Miller* v. *Miller*, 64 Maine, 484 ; *Gilley* v. *Gilley*, 79 Maine, 292 ; *Bazeley* v. *Forder*, L. R. 3 Q. B. 559 ; *Gill* v. *Read*, 5 R. I. 343 ; *Burritt* v. *Burritt*, 29 Barb. 124 ; *Brow* v. *Brightman*, 136 Mass. 187 ; *Stanton* v. *Willson*, 3 Day, 37 ; *Finch* v. *Finch*, 22 Conn. 411 ; *McCarthy* v. *Hinman*, 35 Conn. 538 ; *Walche's appeal*, 43 Conn. 342 ; 17 Am. & Eng. Ency. p 354, note 2 and cases ; *Gladding* v. *Follett*, 2 Demarest, 58, S. C. 30 Hun, 219, 95 N. Y. 652.

*J. B. Peaks*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

PETERS, C. J. The plaintiff is the husband of a former wife of the defendant, and has been supporting in his family a daughter of his wife by her former husband (the defendant), the wife having obtained a divorce from the latter for his fault. By the decree of divorce the custody of such minor child was committed to the mother. The plaintiff now claims to recover in this action for the child's support for a period from 1884 to 1893 the sum of nearly thirteen hundred dollars. No express agreement is pretended and only such an implied agreement as can legally result from the relations of the parties.

We are of the opinion that the action cannot be maintained. We think that, when a divorce is granted to a wife and as a consequence of it she has committed to her the care and custody of her minor child, it follows that the father becomes entirely absolved from the common-law obligation which previously rested upon him to support such child ; and that the only obligation of the kind afterwards resting upon him consists in such terms and conditions in respect to alimony and allowances as

the court may impose on him in the decree of divorce or in some subsequent decree in the same proceeding.

Mr. Bishop in his treatise on Marriage and Divorce, which contains a discussion of this question and of the authorities touching it, expresses our views in the following statement : " It seems to be a principle of the unwritten law that the right to the services of the children and the obligation to maintain them go together. The consequence of which would be, that, if the assignment of the custody to the mother goes to the extent of depriving the father of his title to the services of the children, he cannot be compelled to maintain them otherwise than in pursuance of some statutory regulation. When the court granting the divorce and assigning the custody to the wife, makes, under the authority of the statute, provision for their support out of the husband's estate, he would seem, upon principles already mentioned, to be relieved from all further obligation." Bish. Mar. & Div. (6th ed.) vol. 2, § 557.

And we have no doubt that the same exoneration from common-law liabilities and remedies follows when the court awards the custody of the child to the mother, but is silent in its decree on the question of allowances for the support of the children or for herself.

The implication of the decree in such case is that the wife voluntarily assumed the burden of supporting the children, or that there was some other special reason for the omission. It is well known that the record does not tell the whole story of many divorce cases. It is a common thing for parties to arrange matters of alimony and allowances among themselves before the cause is heard by the court. And the court permits such settlements. *Burnett* v. *Paine*, 62 Maine, 122. And allowances to the wife for herself and allowances to her for the support of her children are usually included in one sum. And then the wife very often relinquishes all claim for either alimony or allowance for the support of her children, in order to remove opposition by her husband to her divorce.

We have very little doubt that there was something behind the record in the decree of divorce put in evidence here. The

libel alleges instances of extreme cruelty and prays for allow-
ances for the wife and child.   The defendant was personally
notified but did not appear.   And, still, costs were not granted
nor any sums of any kind allowed.   The inference is quite
irresistible that the divorce was procured by some arrangement
of the parties.   And the inference is made stronger by the fact
that the libel alleges that the respondent was possessed of real
estate in Rockland and personal property in Boston.

Although a husband loses the services of his divorced wife
and the earnings of their children, still he is not altogether
relieved from the legal duty of assisting according to circum-
stances in the support of either the wife or children.   The
common-law obligation no longer exists, but a statutory
obligation is substituted in its place.   The burden of such
support falls on the wife in the first instance.   But the husband
may be compelled at any time to assist her.   There is nothing
inconsistent in an application by her in subsequent proceedings
in the original cause of divorce for an allowance for the support
of children, if she has not had any, or for an additional allowance
if she has.   The statute so declares and the court has so held.
*Harvey* v. *Lane*, 66 Maine, 536.

In this way all the equities of the parties can best be consid-
ered and all their rights upheld.   It would be unjust to allow
both a common-law remedy and the statutory remedy to exist
at the same time, and it would operate too severely on a husband
for him to be constantly exposed to action by his divorced wife
and also by strangers to recover of him sums expended by them
for the support of his children over whom he is not allowed to
exercise any control.   Especially would such a rule operate
vexatiously when all such claims can be considered and adjusted
on either legal or equitable grounds in one and that an already
existing proceeding.

We regard the case of *Gilley* v. *Gilley*, 79 Maine, 292, as
virtually establishing the law of the present case.   It was there
held that a wife could maintain an action against a husband,
from whom she had been divorced for his fault, for the expense
of supporting their minor children in her possession, but only

expressly so held because she did not have the legal custody of the children. And we consider that the doctrine adopted by us in this discussion is sustained by the weight of the adjudged cases generally, although there are some authorities of a very positive character the other way. We have no doubt, at any rate, that our own policy is the better one on the questions here presented. There can be no more significant evidence of it than the fact that no such action as the present has ever until now been before the court in this state. The same question came before the Massachusetts court in the case of *Brow* v. *Brightman*, 136 Mass. 187, and was there determined adversely to the plaintiff.

*Judgment for defendant.*