WILLIAM F. MAHANEY

*vs.*

ALICE L. CROCKER

York.　Opinion, July 14, 1953

*Hilary F. Mahaney,* for plaintiff.

*Joseph E. Harvey,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ. MURRAY, A. R. J.

MERRILL, C. J. On motion. The plaintiff, a duly licensed physican and surgeon, brought an action against the defendant on an account annexed. The defendant's minor daughter was suffering from a ruptured appendix. The services for which the plaintiff seeks recovery were rendered in performing an emergency operation upon her therefor, and in performing a second operation to relieve infection that had set in. The case was tried at the January 1953 Term of the Superior Court for the County of York. The jury rendered a verdict for the defendant. The case is before us upon the plaintiff's motion to set aside the verdict and grant a new trial as against the law and the charge of the Justice, against evidence; and as manifestly against the weight of evidence in the case.

The necessity for and success of the operations are admitted and no question is raised as to the reasonableness of plaintiff's charges therefor.

Prior to the original operation and pending her divorce libel against the child's father, the defendant had been granted the temporary care and custody of the minor child. The husband had been ordered to pay to the defendant $15.00 per week for the support of this child and another of whom she was also given temporary custody. Subsequent to the first operation and prior to the second operation the defendant was granted a divorce upon her said libel. In the decree she was granted the care and custody of both children, including the little girl who was operated upon, and

the order on the husband for their support was continued. In both decrees the husband was given the right to visit with the children at all proper times and have the children visit him during week ends.

When the custody of a minor child is granted to the mother on divorce from the father, and the father is ordered to contribute to the mother for the support of the child, his common law obligation to support the child ceases and the obligation under the decree is substituted therefor. Until modified by the court, as it may be, the amount which the father is ordered to pay in such decree measures his duty to support the child. *Hall* v. *Green,* 87 Me. 122; *Harvey* v. *Lane,* 66 Me. 536; *Gilley* v. *Gilley,* 79 Me. 292; *Brow* v. *Brightman,* 136 Mass. 187. Our court has also held that the same exoneration from common law liabilities and remedies follows when the court awards the custody of the child to the mother, but is silent in its decree on the question of allowances for the support of the children or for herself. *Hall* v. *Green, supra.*

The exoneration from the common law obligation to support the child when custody is decreed to the mother is based upon the fact that the decree of custody to the mother deprives the father of his title to the services and earnings of the child. *Hall* v. *Green, supra.*

A decree of temporary custody is made to continue until further order of court. A decree in an action for divorce awarding custody of a minor child to the mother is subject to subsequent modification by the court. The effect of either of such decrees upon the rights of the father to the services and earnings of the child during their continuance is the same. They likewise have the same effect upon his duty to support the child.

In the instant case at the time the several operations were performed the law imposed no duty upon the father of the child to furnish or pay for them. The decree fixing the

amount to be paid by the father to the mother for the support of the child was subject to modification by the court. In the case of an emergency operation, performed upon the credit of the mother and under a contract either express or implied, the court which entered the original decree acting in its sound discretion would be authorized to order the father to reimburse the mother therefor either in whole or in part.

The obligation of a father to pay for necessary surgical attention furnished a minor child, whose custody has been awarded to the mother, is determined by the same rules of law as is that of the mother in cases where the father is under the primary duty to support the child. The father, therefore, in the absence of contractual assumption thereof would not be liable to pay for the plaintiff's services.

On the other hand, the legal custody of the child having been given to the mother, the law imposed upon her the primary obligation to furnish the child with such medical and surgical attention as thereafterwards became reasonably necessary. There is no evidence in this case of an express promise on her part to pay for the plaintiff's services. However, such surgical attention having been furnished the child by the plaintiff with the knowledge and consent of the mother or at least without protest on her part, the law, in the absence of a contractual assumption of liability therefor by the father, would imply a promise on the part of the mother to pay for the same.

There is no evidence in this case which would justify a jury in finding that the father assumed any legal obligation to pay the plaintiff for his services rendered the child. The fact that he made all araangements for the operation after being notified of the child's condition by the mother; the further fact that he and the mother, from whom he was estranged, took the child to the hospital for the operation, even though the mother made no express agreement with

respect to assuming liability for the operation, are not sufficient grounds to justify a jury in finding that the father had assumed the legal obligation to pay for the child's operations. This is especially true in view of the fact that the doctor testified that neither the father nor the mother made any agreement with him respecting his services.

Had the legal custody of the child been in the father, and had the mother acted in all respects as the father did in this case, there would not be the slightest question but what the father would have been liable to pay the plaintiff for the operations on the child and the mother would have incurred no liability therefor.

The jury evidently felt in this case that the father, not the mother, *should* pay for the operations performed upon the child, and for that reason found a verdict for the defendant. There being no evidence in the record which would justify this finding, the entry will be

> *Motion sustained.*
> *Verdict set aside.*
> *New trial granted.*