Constance J. BUTTON

v.

John J. BUTTON.

Supreme Judicial Court of Maine.

Aug. 29, 1966.

■

———◆———

Charles W. Smith and Roger S. Elliott, Saco, for plaintiff.

Marshall, Melnick & Caron, by Edward L. Caron, Biddeford, for defendant.

Before WILLIAMSON, C. J., and WEB-BER, TAPLEY, MARDEN, RUDMAN, and DUFRESNE, JJ.

WILLIAMSON, Chief Justice.

This is an appeal from the denial of recovery for amounts due under a temporary support order in a divorce action. The case is fully stated in the findings of fact and conclusions of law filed by the Justice hearing the cause in the Superior Court, as follows:

"Plaintiff instituted a complaint for divorce against the Defendant on March 16, 1964. Defendant duly filed his answer and counterclaim. On March 16, 1964 Plaintiff filed her motion, for temporary custody and support of her minor child pending hearing on her complaint for divorce, and on April 21, 1964, an order was made by a Justice of the Superior Court granting the temporary care and custody of the minor child to the Plaintiff and ordering the Defendant to pay to the Plaintiff for the support of herself and minor child the sum of $65.00 per week beginning April 24, 1964 and each week thereafter until further order of Court. On November 9, 1964, upon hearing, a divorce was decreed to the Plaintiff from the Defendant, and by the terms thereof the custody of the minor child of the parties was given to the Plaintiff, the Defendant being ordered to pay to the Plaintiff $15.00 per week beginning one week from the date of said decree, to wit, November 16, 1964. A settlement of property was granted to the Plaintiff in lieu of alimony.

In addition, the decree also recited the following provision:

'This Decree shall not prevent the Plaintiff from collecting any arrearage on any Support Order in force at the time of this Judgment.'

"On July 26, 1965 Plaintiff brought a motion for capias execution alleging that there was due the sum of $375.00 under the temporary Order of Support dated April 21, 1964 for the period ending November 9, 1964, and in addition alleging that there was an arrearage of $105.-00 under the support order as set forth in the divorce decree dated November 9, 1964.

"I find that there was an arrearage of $375.00 under the temporary support order dated April 21, 1964 and also an arreage of $105.00 under the support order contained in the divorce decree, such latter arrearage covering the period from the date of the decree of divorce to the date of the Motion, July 26, 1965.

"I hold that the temporary order of support dated April 21, 1964 expired and terminated with the subsequent decree of November 9, 1964 granting the divorce and making a new order of support. No motion for capias execution was brought or was pending prior to or on November 9, 1964 claiming any arrearage under the temporary order of April 21, 1964, and absent any such motion brought while such temporary order was in full force and effect, no recovery may be had upon such an expired and terminated decree brought subsequent to the time when such order of Court was no longer effective and binding. The provision inserted in the divorce decree was an attempt to keep alive the right to prosecute an expired and terminated decree and order of Court at some time in the future, but the Justice signing the divorce decree was without power or authority to keep alive what had been put to rest."

The Justice thereupon ruled that the plaintiff was entitled only to judgment for

$105 due under the final decree of divorce with counsel fees and entered judgment accordingly.

■ We sustain the plaintiff's appeal. In our view, while the support decree pending the action terminated on entry of the final decree, nevertheless the obligations created thereunder were not destroyed. We see no reason why the defendant should thereby escape fulfilling his duty to his wife and child. By the order the defendant's responsibilities were limited and the burden fell on the plaintiff to support herself and the child, aided by the defendant only as ordered under the decree. Mahaney v. Crocker, 149 Me. 76, 98 A.2d 728.

The wife and child may have lived on credit based on the Court order. Moneys may have been expended in support of the family, which were intended to supplement expected payments. We need not speculate upon the necessities of the parties. The simple fact is that the husband and father did not, when ordered so to do, meet his just obligations.

We find no reason to distinguish the jurisdiction of the Court to enforce its orders for custody and support entered in and after the decree of divorce from its jurisdiction to enforce temporary orders pending divorce of the nature before us.

■ In each instance the Court may modify the order and may well enter judgment for less than the amount in arrears. Changes in the circumstances of the parties may properly be considered by the Court in determining the extent of the judgment to be entered. Wilson v. Wilson, 143 Me. 113, 56 A.2d 453; White v. Shalit, 136 Me. 65, 1 A.2d 765.

■ In the absence of specific provision otherwise in the decree of divorce, the Court may enforce in the divorce action the obligations theretofore incurred and unfulfilled in the temporary order. Thus the provision in the decree in the case at bar was not necessary to keep alive jurisdiction to enforce the temporary order to the extent of the arrearages in the required payments.

Such order, as we have seen, carries no obligations arising in the future and to this extent may properly be considered to have been terminated by the decree of divorce. The obligations of the past, with the power of enforcement by the Court, remain unaffected, except as otherwise ordered.

In reaching this conclusion we have in mind the purpose and intent of our governing statutes. See 19 M.R.S.A. § 693 (pending action); § 721 (alimony); § 722 (enforcement), and § 752 (custody of children).

We recognize that there is a conflict in the authorities upon the effect of a decree of divorce upon accrued obligations under temporary orders for alimony and support. See 24 Am.Jur.2d Divorce and Separation § 560; annot. 154 A.L.R. 531; 27A C.J.S. Divorce § 210b(4). See also Maddox v. Maddox, 276 Ala. 197, 160 So.2d 481, holding that the right to recovery must be saved in the decree of divorce, contrary to our view.

In short, the Court failed to exercise its jurisdiction to hear and decide the motion on the temporary order. The plaintiff is entitled to a hearing and decision on the merits of her motion.

The entry will be

Appeal sustained.