Cynthia Anne TAPMAN a/k/a
Cynthia Anne Tobin

v.

Kenneth C. TAPMAN.

Supreme Judicial Court of Maine.

Argued May 5, 1988.
Decided July 13, 1988.

McRea Werth (orally), Blue Hill, for plaintiff.

Raymond L. Williams (orally), Silsby & Silsby, Ellsworth, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant Kenneth Tapman appeals and plaintiff Cynthia Tapman cross-appeals from a post-divorce order of the Superior Court (Hancock County) amending the child support provisions of the original judgment and awarding child support arrearages to plaintiff. On appeal, defendant argues that the Superior Court erred in its decision concerning the income tax exemption and the medical, dental and hospital expense. Defendant further argues that the Superior Court erred in awarding arrearages, and in the alternative, that it erred in the computation of the arrearages. On her cross-ap-

peal, plaintiff argues that the Superior Court erred in its decision relating to abatement of child support during visitation with defendant and also argues that the Superior Court erred in its computation of arrearages.

We find no error in the award of arrearages. Further, we find no error in the Superior Court's decision not to amend the original judgment with respect to the income tax exemption and the abatement of child support. We do find error, however, in the Superior Court's decision to amend the provision relating to defendant's responsibility for medical, dental and hospital expense. Because plaintiff requested an interpretation and not a modification of this provision, we find that the Superior Court erred in amending the provision and, therefore, vacate that portion of the post-divorce order. In all other respects, we affirm the judgment.

## I.

Plaintiff and defendant were granted a divorce on June 2, 1980. The divorce judgment incorporated a settlement agreement and awarded custody of the parties' four minor children, Erika, Heather, Joshua, and Micah to plaintiff. In 1986 defendant filed a motion for expanded visitation rights with Joshua and Micah, and plaintiff filed a motion entitled "Motion For Modification of Support Of Child Provisions of Decree, Enforcement and Interpretation of Decree Provisions re Insurance Provisions and Other Child Care Expenses, pursuant to 19 M.R.S.A." At the hearing on these motions, plaintiff orally amended her motion to include a claim for arrearages, on which motion defendant agreed to waive service.

Thereafter plaintiff filed a written amended motion, consistent with the issues raised at the hearing, asking the court *inter alia* "to modify the provisions of decree relating to direct financial child support by increasing the amount per child per week

to be paid to the plaintiff; and to interpret and enforce the other support provisions for the children, [and] to order the Defendant to pay the arrearages of child support to the Plaintiff." The Superior Court amended the original divorce judgment as follows: one, noting that Erika was emancipated, it granted shared parental rights for Joshua and Micah, primary physical residence to be with plaintiff, and left care and custody of Heather with plaintiff; two, it increased cash support per child in accordance with an agreement of the parties; three, it ordered defendant to pay all medical, dental and hospital expense; and four, it set forth a visitation schedule. The Superior Court also ordered defendant to pay support arrearages in the amount of $6,750.

Defendant filed a motion for findings of fact and conclusions of law. After reviewing the proposed findings and conclusions submitted by plaintiff and defendant, the Superior Court issued its own findings and conclusions. In doing so, the court amended the post-divorce order by reinstating the provision of the original divorce judgment that relieved defendant from paying child support during weeks in which the children visit with him. It is from the post-divorce order, as amended, that plaintiff and defendant appeal.

## II.

We first consider the parties' arguments relating to the portion of the post-divorce order concerning amendment of the support provisions. Neither party argues that the Superior Court erred with respect to the direct cash support provisions. Instead they focus on the noncash support provisions. On the day of the hearing, during a conference in chambers, counsel for the parties related an agreement by the parties concerning the cash portion of the support provisions.[1] The parties disagree whether

---

1. At the beginning of the hearing, the Superior Court noted that

 the Court has had an opportunity to speak with each of the attorneys outside the presence of their clients in reference to matters that are before the Court for consideration

today. The Court was advised by Counsel as to the issue of support payments the parties had agreed the Court would so order. Based on their agreement, that the Defendant will be paying $70 per week per child; the children being Micah, Joshua and Heather .... The

they agreed on any of the noncash support issues, particularly whether defendant is entitled to the income tax exemptions for the children, whether the support is to be abated during visitation with defendant, and whether there should be a change in responsibility for medical, dental and hospital expense.

◼ The Superior Court upon the motion of one or both of the parents may alter its order concerning parental rights and responsibilities, including support, and medical and dental care, as circumstances require. 19 M.R.S.A. § 752(12) (Supp.1987). Where findings of fact have been requested and given, they "shall not be set aside unless clearly erroneous." M.R.Civ.P. 52(a). This Court accords great deference to the Superior Court because of the variety of factors to be considered in a modification order. "Absent a violation of some positive rule of law, this Court will overturn the trial court's decision of such a question only if it results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Finn v. Finn*, 517 A.2d 317, 318 (Me.1986) (quoting *Smith v. Smith*, 419 A.2d 1035, 1038 (Me.1980)).

◼ Defendant argues that the court erred in failing to amend the divorce judgment to provide that defendant be allowed the income tax exemption for the children, because it was part of the parties' agreement. Plaintiff disagrees that it was part of the agreement and similarly argues that the court erred in including a provision that defendant shall not pay child support during visitation with him, because that provision was not part of their agreement. Likewise, defendant disagrees. Because the conversation took place in chambers and was not placed on the record, it is impossible to ascertain the details of the agreement. Under such circumstances, we defer to the trial court for its understanding of the agreement, including the weight it chooses to give each party's ren-

dition of the agreement. *See Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981).

◼ Moreover, the Superior Court is not bound by an agreement of the parties. The Superior Court has statutory power in divorce actions to determine issues of support and in so doing shall apply the standard of the best interest of the child. *See* 19 M.R.S.A. § 752; *see also Harmon*, 425 A.2d at 984. In this case the Superior Court made no change in the original judgment with respect to these provisions. The provisions in the original judgment remain in effect. Neither party demonstrates any injustice by the Superior Court's failure to make the requested amendment.

◼ The Superior Court did err, however, in amending the provision relating to responsibility for medical, dental and hospital expense. Plaintiff neither requested, nor offered evidence in support of such a modification. Plaintiff's amended motion requests modification of support only by an increase in the cash support and additionally requests an interpretation, not modification, of the provisions concerning the other support provisions. We therefore vacate that portion of the post-divorce order that provides defendant shall pay for all medical, dental and hospital expense incurred for the benefit of his children, leaving in effect the provision in the original judgment.[2]

### III.

We next consider the parties' arguments relating to that portion of the post-divorce judgment concerning child support arrearages. The Superior Court in its findings of fact and conclusions of law "concluded as a matter of law that the defendant, Kenneth C. Tapman, was ordered to pay for the support of his four minor children, and that his obligation to support the eldest of these children, that is, Erika, terminated upon her attaining the age of 18 years." Without further explanation of its computation, the Superior Court then found that plaintiff

---

deduction for taxes for the children will be allowed to the Defendant.

2. Because we vacate the amended order, the action of the Superior Court has no effect on any future petition to modify the original judgment.

proved by a preponderance of the evidence that defendant was in arrears in the amount of $6,750. Plaintiff interprets this finding to mean that the court did not include in the computation any arrearages for Erika because Erika had reached age eighteen before the hearing. Plaintiff argues that this is error. Defendant, on the other hand, interprets this finding to mean that the Superior Court did include arrearages for Erika and likewise claims error. We conclude that the Superior Court included the arrearages for Erika from January, 1984, until her eighteenth birthday in August, 1986.

Whether the Superior Court has authority to enforce through execution an order to pay child support arrearages accruing before the child reached majority where proceedings commenced after the child reached majority depends upon whether the custodial parent has a vested interest in the arrearages. In *Wilson v. Wilson,* 143 Me. 113, 115, 56 A.2d 453, 455 (1947) (citing *Sistare v. Sistare,* 218 U.S. 1, 16–17, 30 S.Ct. 682, 686, 54 L.Ed. 905 (1909)), we stated the general rule that "the right to installments of alimony or for support becomes absolute and vested as they become due." In *Wilson,* we noted, however, that the rule does not apply where " 'by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree.' " *Id.* (quoting *Sistare,* 218 U.S. at 17, 30 S.Ct. at 686).

The Court in *Wilson* then stated that in a divorce action involving children

> a payment ordered to be made to the mother for their support is not to be regarded by her as her property. She is rather the instrument selected by the court in its effort to provide for them; and it is her duty to use the money which she receives for their benefit during their minority. If there are unpaid installments which have not been applied by her for such support, the court unquestionably has the power to direct what disposition shall be made of these. It may divert them directly to the child's

support. ... The mother has no absolute property right in unpaid installments.

*Id.* at 118; 56 A.2d at 456. On this basis, the Court found that an action of debt was not a proper remedy because *inter alia* "when he [the child] became of age, the money remaining unpaid was not her property to be used by her for her own purposes." *Id.* Our decision in *Wilson,* however, was based on the faulty premise that the divorce court can modify arrearages retroactively and therefore any interest in the unpaid support could not be vested.

■ In the later case of *Wood v. Wood,* 407 A.2d 282, 287 (Me.1979), we rejected retroactive modification and concluded that 19 M.R.S.A. § 752 "can be construed to authorize only prospective modification of child support orders." Accordingly, in *Wood* we expressly rejected any inconsistent language in prior decisions. *Id.* Having excised the exception previously noted in *Wilson,* we now adopt the general rule stated in that case that the right to the payment of support is vested as it becomes due. This right is vested in the custodial parent, since any award of arrearages is in effect a reimbursement for support owed by the noncustodial parent and paid by the custodial parent. *See, e.g., Fox v. Fox,* 56 Ill.App.3d 446, 14 Ill.Dec. 201, 203, 371 N.E.2d 1254, 1256 (1978); 32 A.L.R.3d 888; II Clark, *Domestic Relations* 397 (1987).

■ In *Wood,* we did recognize two exceptions to the conclusion that the statute authorizes only prospective modification, one being "[i]f the custodial parent is relieved of that obligation by the child's ... achieving the age of majority ... the parent paying support may be relieved of his obligation as of the date the custodial parent ceased providing support to the minor child." *Id.* at 287. Defendant misinterprets this exception and argues that liability for child support accruing before the child reaches majority is relieved on the day the child reaches majority. We interpret this exception as terminating only the noncustodial parent's liability for future support. *See Baril v. Baril,* 354 A.2d 392, 395–96 (Me.1976). In this case, defendant is liable for the arrearages with respect to

the eldest child, Erika, as well as the arrearages with respect to Heather, until their eighteenth birthdays.

■ Defendant further argues that plaintiff is estopped from claiming arrearages for Erika and Heather. "Estoppel bars assertion of the truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue." *Anderson v. Commissioner of Dept. of Human Services,* 489 A.2d 1094, 1099 (Me.1985). Assuming defendant can raise the claim of equitable estoppel against the custodial parent, he has not demonstrated that it should apply to this case. Particularly, he has not demonstrated the essential elements of detrimental reliance. Moreover, he cannot reasonably argue that he relied on one telephone conversation concerning possible adoption of Erika and Heather to determine that he no longer owed a court-ordered responsibility to his children.

■ Finally, defendant argues that the Superior Court erred in its failure to make sufficient findings of fact explaining the computation of arrearages and also erred in the computation itself. Defendant is correct that the Superior Court did not explain its computation of arrearages. The Superior Court simply found that plaintiff had proved by a preponderance of the evidence that defendant owed $6,750. The Superior Court is not required, however, to provide findings of fact on a motion for arrearages. M.R.Civ.P. 52(a); *see Cyr v. Cyr,* 432 A.2d 793, 797 n. 2 (Me.1981).

Moreover, defendant has not demonstrated that the finding of $6,750 is clearly erroneous. Defendant admits that he stopped making support payments for Erika and Heather on January 1, 1984. He further admits that, if plaintiff is not estopped from claiming arrearages, he owes approximately $3,790 due for Heather from January 1, 1984, to November 30, 1986. Because we find that he also owes arrearages due for Erika from January 1, 1984, to August 14, 1986, her eighteenth birthday, approximately $3,400 is added to the figure of $3,790, resulting in an arrearage due of $7,190. Because the Superior Court

could have disregarded all the other factors used in reaching its figure of $6,750 and could have found arrearages in an amount greater than it did, defendant has not demonstrated that the $6,750 figure is clearly erroneous.

The entry is:

Judgment vacated in part with respect to the provision concerning responsibility for medical, dental and hospital expense. In all other respects, judgment affirmed.

All concurring.