**Julie C. REDMOND**

v.

**Bradley C. MAGOON.**

Supreme Judicial Court of Maine.

Submitted on briefs June 5, 1992.
Decided July 30, 1992.

Edward S. David, Cloutier, Joyce, Dumas and David, P.A., Livermore Falls, for plaintiff.

Patricia A. Danisinka–Washburn, Skowhegan, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Bradley C. Magoon appeals an order of the Superior Court (Somerset County, *Kravchuk, J.*) amending the 1986 amendment to the 1983 divorce judgment dissolving his marriage to Julie C. Redmond. Rejecting Magoon's contention that the court erred in eliminating his right to declare one of the children of the marriage as a dependent for federal income tax purposes, we affirm the order.

Redmond and Magoon were divorced in 1983. The divorce judgment granted custody of the parties' two minor children to Redmond and required Magoon to pay child support of twenty dollars per week per child. In 1986, the judgment was amended to increase Magoon's child support obligation to thirty dollars per week per child and to require him to pay the children's reasonable health expenses. The 1986 amendment also provided that Magoon could claim one of the two children as a dependent for federal income tax purposes.

In 1991, Redmond filed a motion to further amend the divorce judgment to increase the amount of child support in accordance with the new statutory child support guidelines.[1] *See* 19 M.R.S.A. §§ 311–319 (Supp.1991). Along with her motion, Redmond submitted a proposed order that increased Magoon's child support payment, expanded the health-related expenses for the children that Magoon would be obligated to pay, and effectively terminated his right to take a child as a dependent for federal income tax purposes.[2]

At the hearing on Redmond's motion to amend, Magoon successfully argued that the proposed order impermissibly increased his obligations to pay for health expenses incurred by his children, but he did not object at that time to the order's termination of his right to claim a child as a dependent. The court instructed Redmond to draft a new proposed order that increased the support obligation and tracked

**1.** One week prior to the scheduled hearing on Redmond's motion to amend, Magoon hired an attorney who filed a motion to continue the hearing and his own motion to further amend the judgment as amended in 1986. Magoon's motion to amend sought expanded rights of visitation and the right to declare both children as his dependents for federal tax purposes. The court denied Magoon's motion to continue but did not act on his motion to amend.

**2.** Because the proposed order was silent as to Magoon's right to claim a child as a dependent for tax purposes, but vacated the 1986 order in its entirety, it would operate to terminate Magoon's right.

the medical expense provisions of the 1986 order. The court directed that the proposed order omit Magoon's right to the dependency exemption.[3]

Redmond prepared a revised proposed order that increased Magoon's child support payments in accordance with the child support guidelines. The proposed order, adopted and signed by the court as an amendment to the 1983 divorce judgment, supplanted the 1986 order in its entirety, and resulted in neither party being assigned the right to claim the children as tax dependents. Claiming that the court had signed the proposed order before he had an opportunity to review it, Magoon protested to the court the removal of his right to claim one of his children as a dependent for tax purposes. The court, in response to Magoon's protest, indicated by letter that the issue of claiming children as dependents was a matter of federal law, but if Magoon and Redmond could not come to an agreement as to the status of the children as dependents for tax purposes, the court would address the issue if Magoon raised it in a separate motion. The court also pointed out to Magoon that pursuant to the child support guidelines, it would have to consider whether the tax consequences of a right to claim a child as a dependent for tax purposes would require alteration of the support award. *See* 19 M.R.S.A. § 317(3)(L) (Supp.1991).[4] Without filing such a motion, Magoon appealed to this court.

 We are unpersuaded by Magoon's contention on appeal that because the issue of the right to claim a child as a dependent for tax purposes was not specifically mentioned in Redmond's motion to amend, the

court was without authority to change the prior order and delete that right. It is true that a court's judgment should not go "beyond the scope of the issues ... submitted to the court for decision." *Warren v. Waterville Urban Renewal Auth.*, 290 A.2d 362, 366 (Me.1972); *Tapman v. Tapman*, 544 A.2d 1265, 1267 (Me.1988). In this case, however, the issue of the children being taken as dependents for tax purposes was squarely before the court.

In her motion to amend, Redmond requested relief in accordance with 19 M.R.S.A. §§ 316 *et seq.* Section 317 makes the tax consequences of a support award a factor to be considered by the court when choosing to deviate from the section 316 guidelines. Both Magoon and Redmond, therefore, were free to address the issue of the tax dependent status of the children at the hearing on Redmond's motion. Redmond did so when she submitted her proposed order that effectively terminated Magoon's right. The court decided on the record that Redmond's revised proposed order should not grant that right to either party and directed that the order be prepared accordingly. Moreover, although Magoon claims not to have heard the court's reference to that issue at the hearing, the court specifically gave him a subsequent opportunity to address the issue in a separate motion, an opportunity that Magoon declined.

Because the issue of claiming children as dependents for tax purposes was properly before the court, and because Magoon makes no challenge to any other aspect of the court's decision, we decline to disturb the court's order amending the divorce judgment.[5]

---

3. Apparently, Magoon's attorney did not hear the court state that the order that Redmond's attorney was going to prepare should not include Magoon's right to claim one of the children as a dependent for tax purposes.

4. 19 M.R.S.A. § 317(3)(L) provides:
 **3. Criteria for deviating from support guidelines.** Criteria that may justify deviation from the support guidelines are as follows.

....
 **L.** The tax consequences of a support award, including the substantial monetary benefit that a party may derive from any federal tax credit for child care expenses[.]

5. Redmond has requested payment of her attorney fees incurred in defending this appeal. That request must be addressed in the Superior Court. *See Boyd v. Boyd*, 421 A.2d 1356, 1359 (Me.1980).

The entry is:
Judgment affirmed.

All concurring.