1998 ME 100

**Susan C. SANDERS**

v.

**Herbert L. SANDERS.**

Supreme Judicial Court of Maine.

Argued Sept. 5, 1997.

Decided May 6, 1998.

---

Michael P. Asen, Peter G. Cary (orally), Mittell, Asen, Huter & Cary, L.L.C., Portland, for plaintiff.

Matthew S. Goldfarb (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

[¶ 1] Herbert L. Sanders appeals from the judgment entered in the Superior Court (Cumberland County, *MacNichol, J.*) denying his motion to dissolve an *ex parte* order for trustee process pursuant to M.R. Civ. P. 4B(j).[1] On appeal Herbert argues: (1) the court cannot issue an order for trustee process 30 months after final judgment; (2) even if such trustee process is available, Susan failed to present sufficient specific facts to carry her burden at the hearing on his motion to dissolve; (3) the court did not have personal and subject matter jurisdiction to issue the order; (4) the court erred in concluding that the proceeds of Herbert's disability policy were not exempt; and (5) the

---

1. An *ex parte* order granting attachment pursuant to M.R. Civ. P. 4A was granted at the same time as the order for trustee process. Herbert owned no property in Maine that could have been attached and the sole focus on appeal to this Court is the propriety of the order for trustee process.

court's misstatement of fact in its order denying Herbert's motion to dissolve the trustee process rendered that order invalid. Finding no error we affirm the judgment below and remand to give Herbert the opportunity to establish the exempt status of a portion of the disability payments.

[¶ 2] Herbert and Susan Sanders were divorced in California in December 1988. Pursuant to the divorce judgment Herbert was ordered to pay to Susan $26,000 in 13 monthly payments. Herbert left California and failed to make any of the payments. In 1993 Susan learned that Herbert had relocated to Maine and she filed suit in the Superior Court in Cumberland County to enforce the California judgment. Although Herbert now claims he established a new domicile somewhere in Georgia in the summer of 1993, he filed an answer and counterclaim in January 1994, without challenging the court's *in personam* jurisdiction. Herbert and Susan entered into a consent judgment in May 1994 whereby Herbert agreed to pay to Susan the arrearage plus accumulated interest. Herbert failed to make any payments under that judgment.

[¶ 3] In 1996 Susan learned that Herbert had a disability insurance policy issued by Provident Life and Accident Insurance Company. In October 1996 Susan filed an *ex parte* motion for trustee process to attach benefits paid by virtue of the policy, which the court granted. Susan served the trustee summons on Provident through the Maine Superintendent of Insurance. In response Provident filed an affidavit stating that Herbert has a policy issued by Provident paying him $3,150 per month for life or until such time as he is no longer eligible to receive the disability payments.

[¶ 4] Herbert filed a motion in January 1997 to dissolve the trustee process, claiming that the policy was a disability benefit exempt from trustee process, that Susan's affidavit in support of the motion for trustee process failed to provide specific facts that supported issuance of an *ex parte* order, and that trustee process was not available 30 months after final judgment.

[¶ 5] The court denied Herbert's motion to dissolve the trustee process, finding that the principal and interest then owed to Susan by Herbert amounted to approximately $40,000, that Herbert was receiving disability insurance payments, and that the disability insurance payments were exempt only to the extent that Herbert could establish his reasonable need for them.

I. Post-judgment Trustee Process

[¶ 6] Herbert conceded in his brief and at oral argument that trustee process may be used after judgment. He challenges only the time frame within which the court acted.[2] Herbert has articulated, however, no principled reason why, if trustee process is available after judgment, 30 months is too long after judgment for it to issue. Any delay in the issuance of trustee process is attributable to Herbert's actions. He failed to make any of the payments required under the California judgment and failed to notify Susan of his new address in Maine. He failed to make any payments to Susan required under the Maine consent judgment and failed to provide Susan with a new address after leaving Maine. Herbert claims he no longer resides in Georgia, but he has not informed Susan where he now resides. Herbert has not provided any compelling basis on which to vacate the court's dismissal of his motion to dissolve the trustee process, and we decline to do so.

II. Sufficiency of Facts to Sustain
the Trustee Process

[¶ 7] Herbert claims that Susan failed to "go forward" at the hearing on his motion to dissolve the *ex parte* order for trustee process. At a hearing on such a

---

2. We do not propose to resolve the apparent conflict between *United Air Lines, Inc. v. Hewins Travel Consultants, Inc.,* 622 A.2d 1163, 1171 (Me.1993) ("there is ... no ... statutory authority for [post-judgment] attachment by trustee process") and *State v. Miller,* 645 A.2d 1140, 1141 (Me.1994) ("the Rules of Civil Procedure permit a party that obtains a civil judgment to secure satisfaction of that judgment through a trustee process"). Herbert did not reference either decision in his brief and argument before this Court. We base our decision solely on the timeliness argument presented by Herbert.

motion "the plaintiff [has] the burden of justifying any finding in the *ex parte* order that the moving party has challenged by affidavit." M.R. Civ. P. 4B(j). In its *ex parte* order the court found that "it is more likely than not that [Susan] will recover judgment ... in an amount greater than $40,000" and that "there is a clear danger that if and when [Herbert] finds out [Susan] is seeking the attachment, he may attempt to conceal [the disability policy]." Herbert did not challenge either of these findings by affidavit. Susan, therefore, had no burden to justify them.

### III. Jurisdiction and Forum Non Conveniens

■ [¶ 8] Herbert submitted to the jurisdiction of the court through his answer and counterclaim. Pursuant to M.R. Civ. P. 12(h)(1)(B), a defense of lack of jurisdiction over the person is waived if it is not included in a responsive pleading or in an amendment thereof permitted pursuant to M.R. Civ. P. 15(a). Herbert did not raise this defense in his answer nor did he request leave to amend his answer. The claim of lack of personal jurisdiction is not preserved.

■ [¶ 9] Herbert also asserts that the court does not have jurisdiction over Provident. Assuming for the sake of discussion that Herbert has standing to contest the court's jurisdiction over Provident, Herbert's assertion is without merit. Any foreign corporation having a place of business or doing business in Maine may be summoned as trustee. 14 M.R.S.A. § 2608 (1980). Herbert acknowledges in his brief that Provident does do business in Maine and Provident was successfully served through the Superintendent of Insurance.

■ [¶ 10] Herbert argues that the court lacked subject matter jurisdiction. A court may entertain at any time a challenge to its subject matter jurisdiction. *Dillon v. Johnson*, 322 A.2d 332, 335 (Me.1974). Trustee process is ancillary to the underlying action. *See* 6 AM.JUR.2D *Attachment and Garnishment* § 23 (1963). Therefore Herbert's attack on subject matter jurisdiction relates to the underlying action to enforce the California judgment. Whether a Maine

court has authority to enforce an order to pay alimony depends on whether the plaintiff has a vested interest in the arrearage. *See Tapman v. Tapman*, 544 A.2d 1265, 1268 (Me.1988). We have stated the general rule that "'the right to installments of alimony ... becomes absolute and vested as they become due.'" *Id.* (quoting *Wilson v. Wilson*, 143 Me. 113, 115, 56 A.2d 453, 455 (1947) (citing *Sistare v. Sistare*, 218 U.S. 1, 16–17, 30 S.Ct. 682, 54 L.Ed. 905 (1909))). We have stated that once due, the right to these payments "is protected by the full faith and credit clause of the federal constitution." *Wilson v. Wilson*, 143 Me. at 115, 56 A.2d at 455. All of the payments to Susan were due prior to her filing of the complaint in the Maine court, and thus she had a vested and absolute right to receive the payments at that time. Maine courts do have the authority and the obligation to enforce a final judgment of a sister state. U.S. Const. art. IV, § 1; 14 M.R.S.A. §§ 8001–8008 (1980).

■ [¶ 11] Herbert did not raise the issue of *forum non conveniens* prior to filing his appeal with this Court. When "there is no indication in the record that [the] issue [of *forum non conveniens*] was either raised, discussed or ruled upon below ... the point is [not preserved]." *Margani v. Sanders*, 453 A.2d 501, 504 (Me.1982) (citing M.R. Civ. P. 12(h)(1)). Further, although Herbert claims that he is no longer a domiciliary of Georgia, he has not informed the Court where his current domicile is, nor has he suggested an alternate forum that is more convenient for him. Herbert's claim of *forum non conveniens* is not preserved.

### IV. Exempt Status of the Disability Policy

[¶ 12] Herbert argues that the payments he receives under his disability insurance policy are exempt pursuant to 14 M.R.S.A. § 4422 (Supp.1997). The statute distinguishes between disability benefits, which are entirely exempt, section 4422(13)(C), and disability pensions and annuities, which are exempt only to the extent that they are reasonably necessary to support the debtor,

section 4422(13)(E).[3] State authority interpreting these statutory provisions is nonexistent and resort to authorities interpreting their federal counterparts is necessary. *See In re Bates,* 176 B.R. 104, 106 (Bankr.D.Me. 1994). Whether Herbert's disability policy falls within subsection (13)(C) or (13)(E) is a question of law. *See id.* at 107.

[¶ 13] The federal counterpart to section 4422(13)(C), 11 U.S.C. § 522(d)(10)(C) (1997), was intended to encompass "[t]emporary contractual benefits, most of which will arise from the debtor's employment." 2 NORTON, *Norton Bankruptcy Law and Practice* § 46:17, at 46–34 (2d ed.1994). For example, workers compensation benefits, which compensate an injured worker for loss of current wages, have been held to fall under subdivision 10(C). *See, e.g., In re Williams,* 181 B.R. 298 (Bankr.W.D.Mich.1995); *In re La-Belle,* 18 B.R. 169 (Bankr.D.Me.1982). The federal counterpart to section 4422(13)(E), 11 U.S.C. § 522(d)(10)(E) (1997), was intended to encompass more permanent forms of payments akin to future earnings, including pensions and annuities paid for by the policy holder. 2 Norton at 46–35; *see also In re Pettit,* 61 B.R. 341 (Bankr.W.D.Wash.1986). For example, individual retirement accounts paid for by the debtor have been held to fall under subdivision (10)(E). *See e.g., In re Bates,* 176 B.R. at 106; *In re Hickenbottom,* 143 B.R. 931 (Bankr.W.D.Wash.1992); *In re Yee,* 147 B.R. 624 (Bankr.D.Mass.1992).

[¶ 14] The only evidence describing Herbert's disability policy is the affidavit provided by Provident, which states that Herbert is eligible to receive payments under the policy for life or until he is no longer eligible to receive the benefit. Aside from his bald assertion that his policy is fully exempt, Herbert did not provide any evidence to support this contention. Most notably, Herbert did not provide the court with a copy of the policy.

[¶ 15] The evidence concerning the policy indicates that it provides Herbert with an indefinite stream of payments, akin to future earnings, on account of his disability. Therefore, as a matter of law, these payments fall under 14 M.R.S.A. § 4422(13)(E) and are exempt only to the extent reasonably necessary for Herbert's support.

[¶ 16] Herbert also argues that, if the court was correct in ruling that his disability benefits are exempt only to the extent reasonably necessary for his support, he was denied the opportunity to present evidence of his need. The court's order denying Herbert's motion to dissolve trustee process leaves open to Herbert the option to present such evidence and we remand for that limited purpose.

## V. Misstatement of Fact

[¶ 17] Herbert asserts that the order denying his motion to dissolve should be vacated because of the court's erroneous statement that, at the time of the consent judgment, both Herbert and Susan were residents of Maine. As discussed previously, the court had jurisdiction in this matter. Therefore, such a misstatement of fact by the court constitutes harmless error; because it does not affect the substantial rights of the parties it should be disregarded. M.R. Civ. P. 61.

The entry is:

Remanded to the Superior Court for hearing on the issue of the partial exemption of defendant Herbert Sanders's disability policy, pursuant to 14 M.R.S.A. § 4422(13)(E). As so modified, the judgment is affirmed.

---

**3.** 14 M.R.S.A. § 4422 provides in relevant part:

The following property is exempt from attachment and execution, except to the extent that it has been fraudulently conveyed by the debtor.

. . . .

13. Disability benefits; pensions. The debtor's right to receive the following:

. . . .

C. A disability, illness or unemployment benefit;

. . . .

E. A payment or account under a ... pension, ... annuity, ... or similar plan or contract on account of ... disability, ... to the extent reasonably necessary for the support of the debtor and any dependent of the debtor[.]