**Roberta E. BOOTH**

v.

**Charles A. BOOTH.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 3, 1994.

Decided April 22, 1994.

Jonathan W. Sprague, Stevens, Engels, Bishop & Sprague, Presque Isle, for plaintiff.

Richard N. Solman, Solman & Hunter, P.A., Caribou, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS,* RUDMAN and DANA, JJ.

GLASSMAN, Justice.

Charles A. Booth appeals from a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) affirming a judgment of the District Court (Presque Isle, *Griffiths, J.*) granting Roberta E. Booth's motion for certain post-judgment relief. He contends that the District Court lacked authority to enforce the original divorce judgment by ordering him to pay Roberta a certain sum in monthly installments, by ordering him to pay Roberta her counsel fees and travel costs for the prosecution of her motion, and by imposing a lien on his Texas real estate. We agree that the court was without authority to impose a lien on the Texas property, and accordingly, we vacate the judgment.

The parties were divorced in 1990. By its judgment, the District Court divided the parties' marital personal property. The excess in value of personal property awarded to Roberta was specifically designated as a specific sum alimony payment by Charles to Roberta, pursuant to 19 M.R.S.A. § 721(4) (Supp.1993). The court also determined that property located in Texas was the only real estate owned by either party and was the separate property of Charles. The court further ordered that the parties would share equally the debt associated with five credit cards as of the beginning of this proceeding in 1988 and would similarly share the interest associated with that debt through the date of the judgment.

In May 1992, Roberta filed a motion pursuant to M.R.Civ.P. 80(j) seeking post-judgment relief. The motion asserted that Charles had either refused to deliver, or delivered in worthless condition, certain marital property allocated to Roberta valued at

$1,640 and that Charles had made no payments on any of the credit card balances. Following a hearing, the District Court granted Roberta's motion and directed Charles to pay Roberta the sum of $11,222.82 in monthly installments of $500. This sum included the value of the undelivered and damaged marital property, Charles's share of the credit card debt plus interest to May 7, 1992 in the amount of $7,752.20, and Roberta's reasonable attorney fees and costs, including her traveling expenses, in the amount of $2,020.62. As part of the post-judgment relief, the court also imposed a lien on any realty owned by Charles, specifically including certain real property owned by Charles in Texas. Charles appeals from the judgment entered in the Superior Court affirming the decision of the District Court.

■ When the Superior Court acts solely as an appellate court, we review directly the record before the District Court. *Noyes v. Noyes,* 617 A.2d 1036, 1037 (Me.1992). Contrary to Charles's first contention, Roberta properly proceeded by a motion to secure the post-judgment relief that she sought. *See* M.R. Civ. P. 80(j)(1) (any proceedings for modification or enforcement of a divorce judgment shall be by motion for post-judgment relief).

■ Charles next contends that the trial court exceeded its authority by modifying the judgment dividing the marital property of the parties. We disagree. The court in response to Charles's request for findings of fact and conclusions of law found that Charles, a member of the United States Air Force, had an income of approximately $25,000 a year with minimal living expenses and no outstanding obligations other than child support payments in the amount of $256 a month. Further, the court found that Charles owed Roberta the sum of $7,752.20 for his share of the credit card debt, plus accumulated interest which had already been paid by Roberta. We have previously stated that the courts are without authority to modi-

* Collins, J., sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

fy a judgment as to the division of marital property. *Wardwell v. Wardwell*, 458 A.2d 750, 752 (Me.1983). However, the statute governing the division of marital property, 19 M.R.S.A. § 722–A (1981 & Supp.1993), confers on the court not only the authority to divide the marital estate but also "those powers necessary to render *effective* the power to divide." *Lord v. Lord*, 454 A.2d 830, 834 (Me.1983) (emphasis added). By its order, the court made clear that in directing Charles to pay to Roberta a sum equal to the value of certain personal property and his share of the credit card obligation the court was not modifying the division of marital property but was acting to enforce the provisions of the divorce judgment.

■ Nor do we find merit in Charles's contention that the trial court lacked authority to award Roberta her reasonable costs, including traveling expenses to Maine to prosecute her motion, and attorney fees. *See* 19 M.R.S.A. § 721(2) (Supp.1993) (authorizing an award of all reasonable costs and attorney fees to either party "in the defense or prosecution of a divorce"); *Wood v. Wood*, 602 A.2d 672, 675 (Me.1992) (noting that this authority extends beyond the entry of the initial divorce judgment).

■ We agree with Charles, however, that the imposition of a lien on his Texas real estate was improper. By its terms, the lien applies to "any and all real estate held by the defendant, Charles A. Booth, including but not limited to real estate comprising approximately twenty (20) acres located in Uvalde, Texas." With respect to real property within Maine, a Maine divorce court has the authority to impose a lien to enforce the remedies granted pursuant to a divorce judgment. *See Prue v. Prue*, 420 A.2d 257, 260 (Me. 1980) (section 721 vests court with all powers reasonably required to carry out decree including ordering mortgage conveyance to secure award). However, it has long been established that a court in one state cannot impose a lien on real property in another state. *Fall v. Eastin*, 215 U.S. 1, 12, 30 S.Ct. 3, 8, 54 L.Ed. 65 (1909); *see also In re Balke's Estate*, 78 Ariz. 102, 276 P.2d 527, 533 (1954). We therefore hold that the lien is invalid with respect to any real property located outside Maine. Accordingly, we remand for reconsideration of all economic issues.

The entry is:

Judgment vacated. Remanded to the Superior Court with direction to remand to the District Court for vacation of judgment and for further proceedings consistent with the opinion herein.

All concurring.