1998 ME 80

## GUARDIANSHIP OF Edward A. CARDNER.

Supreme Judicial Court of Maine.

Argued Nov. 14, 1997.

Decided April 23, 1998.

Clark D. Kimball (orally), Carver, Kimball & Baiungo, Belfast, for appellant.

Susan C. Thiem (orally), Lincolnville, for appellee.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

DANA, Justice.

[¶ 1] Nelson Johnson appeals from the judgment of the Waldo County Probate Court (*Barrett, J.*) ordering him to cooperate in the transfer of Edward Cardner's assets to Cardner's guardian. Johnson contends that the court lacked personal jurisdiction over him. Finding no merit in Johnson's contention, we affirm the judgment.

[¶ 2] Cardner granted a durable power of attorney to Johnson, a New Jersey attorney, in 1994. Apparently without Cardner's involvement, in 1995, Johnson formed a New Jersey nonprofit corporation named the Ed and Tex Cardner Scholarship Fund to be operated by a five-member board of directors that included Johnson. Johnson was also its registered agent. In 1996, with Cardner's funds, Johnson purchased a $200,000 annuity naming the corporation as payee. Cardner received no beneficial tax treatment as a result of this purchase and testified at the guardianship hearing that he opposed the use of his funds in this manner.

[¶ 3] In June 1996 Cardner moved to Maine to live with his sister-in-law, Carmela Dufour. Shortly thereafter Johnson began sending $1,000 each month to Dufour for Cardner's care.

[¶ 4] In 1997 Dufour petitioned for an appointment as Cardner's guardian and conservator. At that time Johnson retained Maine counsel, who filed a notice of appearance with the court on Johnson's behalf. After being informed by the court that a notice of appearance had no effect in a probate proceeding, Johnson's counsel filed a demand for notice with the court, stating that Johnson was interested in the estate as a holder of Cardner's durable power of attorney.

[¶ 5] Following a hearing attended by Johnson's counsel, the court appointed Dufour as temporary conservator, and Johnson and Dufour began negotiating the transfer of Cardner's assets to Dufour. Johnson ultimately agreed to turn over the Cardner assets within his control on two conditions: the written agreement include a provision that purported to absolve Johnson of any liability he might have with regard to the purchase of the annuity; and Dufour submit the agreement to the court for confirmation.

[¶ 6] Johnson's counsel attended the hearing on Dufour's guardianship petition in May 1997 and hired a court reporter to record it. At the hearing Dufour submitted a motion requesting that the court order Johnson to cooperate in changing the payee of the annuity to Cardner during his lifetime. Johnson's counsel objected to the motion, stating that the court had no authority over the scholarship fund. The court deferred making a decision concerning the fund and requested that Johnson and Dufour submit any memoranda, pleadings or documentation they wanted the court to consider in relation to the issue. The court appointed Dufour as Cardner's guardian and confirmed the agreement between Dufour and Johnson.

[¶ 7] After the hearing, Johnson informed the court that he would not participate in any further proceedings involving the scholarship fund. Following a hearing without Johnson or his counsel, the court found the annuity to be an asset of Cardner's estate and Johnson to be an interested person who was bound by the court's orders. The court ordered John-

son to cooperate and execute all documents needed to transfer the annuity payments to Cardner during his lifetime. The court also ordered that the next yearly annuity payment be held in escrow until it could be transferred to Cardner.

[¶ 8] The sole issue on appeal is whether Johnson is bound by the court's orders.[1] Dufour argues that Johnson submitted to the court's jurisdiction by virtue of his actions. We agree.

[¶ 9] Johnson filed a demand for notice with the court stating that he was "interested in the estate." Having filed this demand for notice, he received notice of all proceedings and his counsel attended all proceedings, except the last hearing dealing with the scholarship fund. Johnson also required Dufour to submit for confirmation the agreement limiting his liability for his purchase of the annuity. Johnson clearly sought this confirmation as a means of protecting himself from liability for his management of Cardner's estate. Having sought the court's protection in this manner, Johnson has submitted to its jurisdiction. See Donn–Griffin v. Donn, 615 A.2d 253, 254–55 (Me.1992).

[¶ 10] Johnson also contends that the court erred in finding him to be an "interested person" subject to its jurisdiction, see 18–A M.R.S.A. §§ 1–201(20), 1–401, 3–106 (1998), and that the court could not assert jurisdiction over him pursuant to Maine's long-arm statute, see 14 M.R.S.A. § 704–A (1980 & Supp.1997). Because Johnson sought the court's protection, and thereby submitted to its jurisdiction, it is not necessary to address these contentions.

The entry is:

Judgment affirmed.

1. Johnson also argued that the court did not have jurisdiction over the scholarship fund and thus lacked authority to order the fund to hold the then-upcoming annuity payment in escrow. Johnson asserts on appeal that his involvement with the proceedings is only as an individual. A litigant cannot assert a third party's rights, and therefore Johnson has no standing to argue on behalf of the fund. Common Cause v. State, 455 A.2d 1, 6 (Me.1983).