1999 ME 127

**Leah Ann HAWLEY**

v.

**James P. MURPHY.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 24, 1999.

Decided Aug. 5, 1999.

Clarke C. Hambley, Givertz, Lunt, Hambley & Scheffee, P.A., Portland, for the plaintiff.

James Murphy, pro se, Minneapolis, MN, defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1]  James P. Murphy appeals from the summary judgment entered in the Superior Court (Androscoggin County, *Delahanty, J.*) ordering the foreclosure and sale of Murphy's Auburn real estate. Murphy contends that the court erred in denying his motion to dismiss and granting Leah Ann Hawley's motion for a summary judgment because (1) the court did not have personal jurisdiction over him, or (2) the Connecticut court did not have subject matter jurisdiction to place the lien that underlies the foreclosure action. Because the portion of the Connecticut divorce decree that places a lien on Murphy's Auburn property is void, we vacate the judgment and remand the case to the Superior Court for further proceedings to enforce child support obligations arising out of the Connecticut judgment.

[¶ 2]  Murphy and Hawley were divorced in August of 1996 by a judgment entered in the Superior Court of the District of Ansonia, Connecticut. The Connecticut court granted custody of the couple's minor child to Hawley and ordered Murphy to pay $150 per week in child support. At the time of the divorce judgment, Murphy already owed Hawley $2,505 in unpaid child support and $600 in attorney fees. As part of the divorce judgment, the Connecticut court granted a lien in favor of Hawley against Murphy's real property located at 498 Turner Street in Auburn.[1]  The lien was granted to secure Murphy's payment of his future child support obligations as well as the existing arrearage. The divorce judgment was registered as a foreign judgment in the Androscoggin County Superior Court in September of 1996 and was recorded in the Androscoggin County Registry of Deeds. Murphy was notified of the registration, but did not challenge the validity of the judgment at that time.

[¶ 3]  Because Murphy had not paid any of his support obligations as required by the divorce judgment, Hawley sent a notice to Murphy on July 18, 1997, requesting that he pay the entire amount of the lien. When Murphy did not respond to her request, Hawley filed a complaint in the Superior Court requesting a judgment of foreclosure and a sale of the Auburn property to satisfy Murphy's child support obligations. Murphy, in his answer to the complaint, moved to dismiss the case on the grounds that the court lacked personal jurisdiction and subject matter jurisdiction to order a foreclosure and a sale of his Auburn property. Murphy also filed a counterclaim seeking compensation for injuries he allegedly suffered as a result of his forced removal from the family home in Connecticut by the police after Hawley, as Murphy alleges, falsely accused him of physically abusing their young son.[2]  Murphy further asked the court to order Haw-

---

1.  The Connecticut court stated,

    To secure the payment of future support as well as the arrearage, [Hawley] shall be entitled to a lien on [Murphy's] real estate located at 498 Turner Street. Auburn, Maine in the amount of $104,000. Said lien shall be in the name of [Hawley] in trust for ... the minor child, for the support of said child. Said amount represents an estimate of [Murphy's] total obligation to the minor child during [the child's] minority from July 31, 1996 to June 30, 2009 when [the child] is expected to graduate from high school. Said amount also represents the arrearages as found. [Hawley] shall also be entitled to any costs of collec-

tion and attorney's fees incurred in enforcing this lien or reducing the lien to a liquid amount for the support of the minor child.

2.  Despite Hawley's requests, Murphy refused to comply with the provisions of a court order for a report of conference of counsel at the close of the discovery period. Hawley filed a motion for an entry of default and other sanctions. The Superior Court (*Alexander, J.*) denied the motion for an entry of default, but sanctioned Murphy for failing to cooperate by dismissing his counterclaim and prohibiting him from presenting witnesses and exhibits not identified in the report of conference of counsel filed by Hawley.

ley to sign an affidavit admitting her deception of the court.

[¶ 4] Hawley moved for a summary judgment.[3] Murphy did not oppose Hawley's motion for a summary judgment pursuant to M.R. Civ. P. 7(c) & (d)(2). Instead, within the time allotted for him to respond to Hawley's motion, Murphy did file a motion to dismiss. Murphy, however, did not appear in court to prosecute his motion at the scheduled hearing, and the Superior Court denied Murphy's motion to dismiss for failure to prosecute, entered a summary judgment in favor of Hawley, and ordered the foreclosure and sale of Murphy's Auburn property. The court specifically found, *inter alia*, that Murphy breached the terms of the divorce judgment by failing to pay any of his child support obligations, and that the divorce judgment was registered as foreign judgment and recorded in the Androscoggin County Registry of Deeds. Murphy then filed this appeal.

## I. PERSONAL JURISDICTION

[¶ 5] Murphy contends that the Superior Court improperly denied his motion to dismiss because he is not a resident of Maine and therefore is not subject to the court's jurisdiction.[4] The legal sufficiency of a complaint challenged by a motion to dismiss is a question of law subject to de novo review by this Court. *See Bowen v. Eastman*, 645 A.2d 5, 6–7 (Me. 1994).

[¶ 6] Murphy's status as a nonresident of this State does not preclude a finding that the court had personal jurisdiction over

him. Section 2851 of the Uniform Interstate Family Support Act, 19–A M.R.S.A. §§ 2801–3401 (1998), which governs this State's enforcement of "support orders"[5] issued outside the State, provides,

> [A] tribunal of this State may exercise personal jurisdiction over a nonresident individual ... if ... [t]here is any other basis consistent with the Constitution of Maine and the United States Constitution for the exercise of personal jurisdiction.

Under Maine's long arm statute,

> Any person, *whether or not a citizen or resident of this State*, who in person ... does any of the acts hereinafter enumerated in this section, thereby submits such person ... to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts: ... C. The *ownership*, use or possession *of any real estate situated in this State* ....

14 M.R.S.A. § 704–A(2) (1980) (emphasis added); *see Key Bank v. Walton*, 673 A.2d 701, 703 n. 3 (Me.1996) (ownership of Maine property is sufficient basis for court's assertion of personal jurisdiction over owner). There is no dispute that Murphy owns property located in this State. The cause of action filed against Murphy involves the foreclosure of a lien placed on that property, and thus arises from his ownership of the property for purposes of the long arm statute. *See id.* Therefore, the Superior Court has personal jurisdiction over Murphy.

---

3. Hawley also filed a motion for a judgment for specific acts pursuant to M.R. Civ. P. 70 to ensure that an unrelated estate tax lien on Murphy's Auburn property was discharged. The court's resolution of this motion is not a subject of this appeal.

4. Murphy contends that the court violated constitutional due process and equal protection guarantees in declining to consider the merits of his motion to dismiss. Contrary to Murphy's contention, the record reflects that

the court considered the merits of his motion to dismiss.

5. A "support order" is defined as "a judgment, decree or order, whether temporary, final or subject to modification, for the benefit of a child, a spouse or a former spouse, that provides for monetary support, health care, arrearages or reimbursement [and] ... may include related costs and fees, interest, income withholding, attorney's fees and other relief." 19–A M.R.S.A. § 2802(22) (1998).

## II. SUBJECT MATTER JURISDICTION

[¶ 7] Murphy contends that the Superior Court erred in enforcing the lien that was placed on his Maine property by the Connecticut court to secure payment of his child support obligations because the Connecticut court did not have jurisdiction to impose a lien and therefore the lien is void. Hawley contends that Murphy waived any right to challenge the validity of the Connecticut divorce judgment because Murphy did not appeal that judgment and later failed to prosecute the motion he filed in Maine to dismiss her complaint for foreclosure.

[¶ 8] Subject matter jurisdiction refers to the "[p]ower of a particular court to hear the type of case that is then before it." *Wright v. Department of Defense & Veterans Servs.*, 623 A.2d 1283, 1284 (Me. 1993) (citing BLACK'S LAW DICTIONARY 767 (5th ed.1979)). A judgment that is issued by a court that does not have subject matter jurisdiction to issue it is void. *See Coombs v. Government Employees Ins. Co.*, 534 A.2d 676, 678 (Me.1987). Thus, an initial failure to challenge the subject matter jurisdiction of the court that issued the order does not preclude a party from raising the issue at a later time. *See Sanders v. Sanders*, 1998 ME 100, ¶ 10, 711 A.2d 124, 127; *see also* M.R. Civ. P. 12(h) (permitting individuals to raise the issue of subject matter jurisdiction at any time). Likewise, an entry of default against an individual does not serve as a bar to that individual's right to challenge the subject matter jurisdiction of the court. *See Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23, 25 (1st Cir. 1992); *Business Buyers of New England, Inc. v. Gurham*, 754 F.2d 1, 2 (1st Cir. 1985). Contrary to Hawley's contention, Murphy's failure to contest the registration of the Connecticut divorce judgment in Maine does not preclude his appellate jurisdiction challenge.

[¶ 9] A child support order issued in another State must be registered in this State for purposes of enforcement by filing documentation of the order with the appropriate Maine court. *See* 19–A M.R.S.A. §§ 3151(1), 3152(1) (1998). The court where the support order is registered must notify the nonregistering party of the registration. *See* 19–A M.R.S.A. § 3201 (1998). If the nonregistering party wishes to contest the validity or the enforcement of the registered order, the party must request a hearing within twenty days of the mailing of the notice of registration and raise a defense. *See* 19–A M.R.S.A. §§ 3202(1), 3203(1) (1998). If a party does not contest the validity or the enforcement of the registered order within the twenty day period, the support order is "confirmed" by operation of law, *see* 19–A M.R.S.A. § 3202(2), and cannot be contested later "with respect to any matter that could have been asserted at the time of registration[,]" 19–A M.R.S.A. § 3204 (1998).

[¶ 10] Although section 3202(2) and 3204 can be read to require that subject matter jurisdiction be contested before the conclusion of the notice period, these provisions limiting the time during which the validity of an out of state judgment can be challenged must be read in conjunction with other provisions of the statute and with M.R. Civ. P. 12(h). *See Estate of Whittier*, 681 A.2d 1, 2 (Me.1996) (statutory scheme must be construed as a whole to avoid inconsistent and illogical results). We read section 3152 as authorizing the enforcement of registered support orders only if the issuing court had jurisdiction to issue the order. That section does not require a party to raise the issue of subject matter jurisdiction prior to the conclusion of the general challenge period. M.R. Civ. P. 12(h), which is generally applicable to all civil proceedings, supports this conclusion. Accordingly, although Murphy had ample opportunity to raise the issue of subject matter jurisdiction before the Connecticut court, through an appeal of the Connecticut judgment, within the twenty days following notice of Hawley's registra-

tion of the Connecticut judgment with the Maine court, and at the hearing on Hawley's motion for summary judgment and his motion to dismiss, Murphy nonetheless is not precluded from raising the issue in this appeal.[6]

[¶ 11] Section 3152(2) of the Uniform Interstate Family Support Act authorizes Maine courts to enforce the terms of support orders issued in other states "in the same manner... as an order issued by a tribunal of this State" as long as the support order was issued by a court that had jurisdiction and the support order is registered with the Maine courts. 19-A M.R.S.A. § 3152(2), (3) (1998). Maine courts, however, do not have the authority to enforce a divorce order issued in another state by a court lacking subject matter jurisdiction to issue the order. *See id.* Although, under Connecticut law, Connecticut has the authority to place a mortgage on Connecticut property to secure the party's child support obligations, *see* C.G.S.A. § 46b–84(f) & (g); *Stein v. Hillebrand,* 240 Conn. 35, 688 A.2d 1317, 1321 n. 5 (1997), a Connecticut court does not have the authority to place a similar lien directly on Maine property. *See Booth·v. Booth,* 640 A.2d 1063, 1065 (Me.1994). A court in one state cannot impose a lien on real property in another state. *See id.* (citing *Fall v. Eastin,* 215 U.S. 1, 12, 30 S.Ct. 3, 54 L.Ed. 65 (1909)).[7]

[¶ 12] Hawley registered the Connecticut divorce judgment in Maine and Murphy did not contest the registration.

The child support obligations included within the divorce judgment have not been challenged. Therefore, the Superior Court has the authority to enforce the child support obligation contained in the Connecticut divorce decree. *See* 19–A M.R.S.A. § 3152(2); *see also Booth,* 640 A.2d at 1065. It could have done so by imposing a lien on Murphy's Auburn property. *See Booth,* 640 A.2d at 1065 ("Maine divorce court has the authority to impose a lien to enforce the remedies granted pursuant to a divorce judgment.") Hawley, however, did not petition the Superior Court to impose a lien on Murphy's Auburn property to enforce his child support obligations. Instead, Hawley asked the court to enforce the lien that the Connecticut court purported to place on Murphy's Auburn property, a lien that is void because the Connecticut court lacked subject matter jurisdiction to impose it. Although Hawley should have sought to have the Maine court impose a lien on Murphy's Auburn property, her petition for foreclosure nonetheless was an attempt to enforce the child support obligation pursuant to the Connecticut divorce judgment. The enforcement of support obligations included within out of state divorce judgments to ensure that parents do not escape their responsibility to support their children is the primary goal of the Uniform Interstate Family Support Act and its predecessors. *See* Honorable Maurice A. Hartnett, III, *The Uniform Interstate Family Support Act,* 11–SUM Del. Law. 51, 51–52 (1993).

---

6. Hawley cites *O'Malley v. O'Malley,* 338 A.2d 149, 154 (Me.1975), in support of her contention that Murphy has waived any right he had to challenge the subject matter jurisdiction of the Connecticut court. In *O'Malley,* this court held that "[a] foreign 'judgment is entitled to full faith and credit—*even as to questions of jurisdiction*—when the second court's inquiry discloses that those questions have been fully litigated ... and finally decided in the court which rendered the original judgment.'" 338 A.2d at 154 (quoting *Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963)) (emphasis added). In *O'Malley,* however, the court that issued the judgment that a party sought to enforce in

Maine specifically ruled, after the opposing party raised the issue, that it had jurisdiction to enter the judgment. *See id.* Here, the record does not indicate that the subject matter jurisdiction of the Connecticut court to impose a lien on Maine property was challenged at the time of the issuance of the divorce judgment.

7. Although *Booth* was decided before the Uniform Interstate Family Support Act became effective, *see* P.L.1995, c. 694, § B–2, the provisions of the Act do not require a deviation from this established rule.

Remanding this case to the Superior Court for Hawley to request that the court invoke its own jurisdiction to enforce the child support obligations contained within the Connecticut divorce judgment is consistent with and serves the purposes of the Act.

The entry is:

Judgment vacated. Remanded to Superior Court for the entry of a judgment dismissing the order of foreclosure and sale, and for further proceedings consistent with this opinion.

