STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NOs.  CV-15-0157
CV-15-0158
CV-15-0159
CV-15-0160
CV-15-0161

HANNAH WILLIAMS et al.
(CV-15-0157)

ALBERT SICO, III   et al.
(CV-15-0158)

SARA BATCHELDER et al.
(CV-15-0159)

DANIELLE POULIOT et al.
(CV-15-0160)

MICHELLE TAPLEY et al.
(CV-15-0161),

**ORDER STAYING PROCEEDINGS**
**UNTIL APRIL 1, 2016**

Plaintiffs

v.

MAINE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

Defendant

These cases have been brought by parents in their individual capacities and on behalf of their minor children against the Maine Department of Health and Human Services ("DHHS").  Plaintiffs allege various tort and quasi-contract claims arising out of DHHS's failure to investigate and prosecute complaints against SunShine Childcare, a private daycare facility in Lyman.

Before the court is the defendant's motion to dismiss and the plaintiffs' motion to stay proceedings.  For the reasons set forth below, the motion to stay is granted, in part, thus staying all proceedings in these cases until April 1, 2016.  If by that date the

1

pending bill (L.D. 805) to waive governmental immunity and permit these cases to proceed against DHHS has not been enacted into law, then the cases shall be dismissed without prejudice.

## Background

The plaintiffs in these five actions filed their complaints in August 2015. They also filed motions to stay all further proceedings in the cases until the Legislature enacted a special resolve waiving sovereign immunity. A bill to do just that—L.D. 805—was introduced into the First Regular Session of the 127[1] Legislature last spring.[1] After a public hearing and work session, the Joint Standing Committee on Veterans and Legal Affairs voted to carry the bill over to the Second Regular Session, which commences in January 2016. Plaintiffs acknowledge that their claims are not presently authorized by the Maine Tort Claims Act and, absent legislative authorization, they cannot proceed. They have asked the court to stay these cases "until L.D. 805 passes," and expect it will be taken up "within the first month or two of the next [January 2016] session." 8/19/2015 Motion to Stay Proceedings, at 2.

DHHS opposes a stay, and argues that an unchallenged assertion of sovereign immunity divests this court of subject matter jurisdiction. If the court lacks subject matter jurisdiction, it would not have authority to proceed and would be required to dismiss the action. *See* M.R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") Thus, as a threshold matter, the court first considers whether it is compelled to dismiss these actions at this stage of the proceedings due to a lack of subject matter jurisdiction.

---

[1] L.D. 805 is entitled, "Resolve, Authorizing Certain Individuals to Bring Suit against the Department of Health and Human Services."

2

## Sovereign Immunity/Subject Matter Jurisdiction

"Subject matter jurisdiction refers to the 'power of a particular court to hear the type of case that is then before it.'" *Hawley v. Murphy*, 1999 ME 127, ¶ 8, 736 A.2d 268 (citation omitted). The Law Court has yet to squarely address whether sovereign immunity is a matter of subject matter jurisdiction:

> Although we here characterize the question of the waiver of sovereign immunity as jurisdictional, it may not be so characterized in all contexts. We do not decide, where the state has granted general consent to suit by adoption of a comprehensive tort claims statute such as the Maine Tort Claims Act (14 M.R.S.A. §§ 8101 et seq.), whether the assertion that a particular tort claim is not within the scope of such a statute is an assertion of lack of jurisdiction, or is the assertion of an affirmative defense.

*Brann v. State*, 424 A.2d 699, 702 n.3 (Me. 1981). DHHS posits that if presented with the same question today, the Law Court would follow prevailing federal case law. *See, e.g., DeCotiis v. Whittemore*, 842 F. Supp. 2d 354, 360 (D. Me. 2012) (noting Rule 12(b)(1) dismissal for lack of subject matter jurisdiction is appropriate vehicle to dispose of case on sovereign immunity grounds). For the following reasons, the court is not persuaded that it lacks subject matter jurisdiction over these cases.

It does not necessarily follow that federal precedent is, or should be, determinative on the question of whether sovereign immunity is tantamount to a lack of subject matter jurisdiction in state court. Federal courts are courts of limited jurisdiction. Article III of the U.S. Constitution expressly circumscribes the subject matter jurisdiction of the federal courts. *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 138 (1st Cir. 2004) ("Federal courts are courts of limited jurisdiction. In the absence of jurisdiction, a court is powerless to act."); *see also O'Shea v. Littleton*, 414 U.S. 488, 493 (1974) (observing that in the absence of standing, there is no live "case or controversy" under Article III). Issues of justiciability commonly are

3

treated as invoking a federal court's jurisdiction over the subject matter. By contrast, the state superior court is a court of general jurisdiction. *See Op. of Justices*, 412 A.2d 958, 981 (Me. 1980) ("The Superior Court is Maine's trial court of general jurisdiction."). Historically it has had jurisdiction over common law tort actions, and routinely considers and decides these kinds of cases, including those involving the state. *See, e.g., Estate of Smith v. Cumberland County*, 2013 ME 13, ¶ 13, 60 A.3d 759.

Recently the Maine Law court has begun to re-evaluate the notion of subject matter jurisdiction in other contexts. The Court has recognized that "jurisdiction" has many different meanings and has been invoked with notorious imprecision. *See Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 17, 122 A.3d 947 (observing courts "have been less than meticulous" in describing matters as "jurisdictional" or touching on the court's "jurisdiction"). In *Gregor*, the Law Court rejected the argument that a lack of standing divests the court of subject matter jurisdiction. The Court distinguished between a particular party's ability to invoke the jurisdiction of the court and the court's jurisdiction over the subject matter. *Id.* ¶ 19. In other words, the court may dismiss a case because a *party* lacks standing (or, asserts immunity), but this may not limit the court's power to adjudicate the *subject matter* of the suit.

As to the specific question of the doctrine of governmental immunity from suit, authorities dating to Blackstone have framed sovereign immunity as concerning the party, not necessarily the subject matter of the case:

> Hence, it is, that no suit or action can be brought against the king, even in civil matters, because no court can have jurisdiction over him. For all jurisdiction implies superiority of power: authority to try would be vain and idle, without an authority to redress; and the sentence of a court would be contemptible, unless that court had power to command the execution of it: but, who . . . shall command the king?

*Rusk State Hosp. v. Black*, 392 S.W.3d 88, 104 (Tex. 2012) ((*Lehrmann, J.*, dissenting)

4

quoting 1 William Blackstone, *Commentaries* *242). In *Black*, Judge Lehrmann's dissent[2] persuasively reasoned that because sovereign immunity can be waived by the state affirmatively filing an action or passing legislation, a strict application of subject matter jurisdiction would be incongruous with a doctrine that ultimately concerns a party—the state—rather than the subject at issue.

A number of states have held either that sovereign immunity does not affect subject matter jurisdiction or is more properly addressed as a matter of personal jurisdiction. *See, e.g., Sea Hawk Seafoods, Inc. v. State*, 215 P.3d 333, 339 (Ak. 2009) ("[T]he defense of sovereign immunity confirms that it is a defense that does not affect a court's subject-matter jurisdiction."); *Data Gen. Corp. v. Cnty. of Durham*, 545 S.E.2d 243, 246 (N.C. Ct. App. 2001) ("[S]overeign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction . . . ."); *Washington v. Whitaker*, 451 S.E.2d 894, 898 (S.C. 1994) ("[W]e overrule the antiquated rule that sovereign immunity is a jurisdictional bar and, accordingly, cannot be waived. We join those jurisdictions which hold that sovereign immunity is an affirmative defense that must be pled." (citations omitted)); *German v. Wis. Dep't of Transp., Div. of State Patrol*, 612 N.W.2d 50, 55 (Wis. 2000) ("If sovereign immunity is properly raised, then the court is without personal jurisdiction over the state.").

## Stay of Proceedings

"The grant or denial of the stay rests in the sound discretion of the court. It will only be granted when the court is satisfied that justice will thereby be promoted." *Soc'y of Lloyd's v. Baker*, 673 A.2d 1336, 1340 (Me. 1996).

---

[2] The majority of the Texas Supreme Court declined to squarely address the broader issue of whether sovereign immunity deprives the court of subject matter jurisdiction, deciding the case on more narrow grounds. *Black*, 392 S.W.3d at 97.

DHHS opposes a stay on the ground that successful passage of L.D. 805 is merely speculative and thus a stay could conceivably last indefinitely. DHHS contends that an indefinite stay would contravene sovereign immunity principles and impermissibly deprive the state of a statute of limitations defense.

The court agrees that an open-ended stay would not be appropriate. However, in the circumstances presented, a limited stay would be in the interests of justice. Plaintiffs are in the middle of a legislative effort to obtain a waiver of sovereign immunity. Plaintiffs represent that the Legislature intends to take the matter up expeditiously at the beginning of the Second Regular Session starting in a matter of weeks, with the expectation that the bill would likely be addressed in the first few months of the session. If these cases are dismissed now and the Legislature enacts L.D. 805 waiving immunity in the next several months, then plaintiffs would have to start all over. Even though defendant expresses concerns about being deprived of a potential statue of limitations defense, counsel has conceded that, in reality, if the Legislature decides to waive sovereign immunity it would also have the capacity to waive any applicable statute of limitations for some or all of these claims.

### Conclusion and Order

For the reasons set forth above, the court concludes that it has subject matter jurisdiction over this matter notwithstanding the state's assertion of sovereign immunity. The court declines to stay the cases indefinitely, but concludes that a limited stay—to April 1, 2016—is in the interests of justice in these circumstances. If a bill waiving immunity has not been enacted by that date, then these actions will be dismissed.

6

Accordingly, it is hereby **ORDERED** as follows:

Plaintiffs' motion to stay proceedings is GRANTED IN PART. A stay of these proceedings shall enter until April 1, 2016. Plaintiffs shall notify the court no later than Friday, April 1, 2016 as to the status of L.D. 805. If sovereign immunity has not been waived by that date, then defendant's motion to dismiss will be GRANTED and these actions dismissed. If sovereign immunity is waived, defendant will have 20 days from the effective date of the legislation to file a responsive pleading.

The clerk may incorporate this order upon the docket by reference pursuant to

Rule 79(a) of the Maine Rules of Civil Procedure.

DATE: December 14, 2015

Wayne R. Douglas
Justice, Superior Court

CV-15-157, 158, 159, 160, 161

ATTORNEY FOR PLAINTIFFS:
BRIAN CHAMPION
LIBBY O'BRIEN KINGSLEY & CHAMPION
62 PORTLAND RD, SUITE 17
KENNEBUNK ME  04043


ATTORNEY FOR DEFENDANTS:
JONATHAN R BOLTON
CHRISTOPHER C TAUB
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME  04333-0006