STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER DOCKET
LOCATION: PORTLAND
DOCKET NO. BCDWB-CV-2020-32

BRIAN J. FOURNIER, )
)
          Plaintiff, )
)
v. )
)
FLATS INDUSTRIAL, INC., )
et al., )
)
          Defendants )

ORDER DENYING THIRD MOTION
TO AMEND VERIFIED COMPLAINT

Plaintiff Brian J. Fournier ("Fournier") has moved a third time to amend his verified Complaint. In what he proposes as his Third Amended and Verified Complaint, Fournier seeks to add a new Count IV.[1] The new Count IV would add a claim for the appointment of a receiver pursuant to 8 Del. C. § 291. Defendants oppose on several grounds, including that this Court lacks jurisdiction to appoint a receiver over a Delaware corporation. For the reasons discussed below, the Court denies Fournier's third Motion to Amend Verified Complaint.[2]

DISCUSSION

By Scheduling Order dated January 14, 2021, the Court extended (by agreement) the deadline for amending the pleadings to February 17, 2021. On February 10, 2021, prior to expiration of the deadline, Fournier filed his first motion to amend his Complaint. The

---

[1] The Third Amended and Verified Complaint also seeks to supplement existing Count II. Fournier's attempt to amend Count II is untimely, and thus provides additional basis to deny the third Motion to Amend.
[2] Given the basis for the Court's Order, and because there is a pending Motion to Dismiss, the Court decides this Motion to Amend without hearing and without waiting for a Reply. See M.R. Civ. P. 7(b)(7).

1

motion was granted without objection on March 4, 2021. In early March 2021, Fournier alleges he obtained new information from third parties which gives rise to his need to seek a second amendment. Fournier claims that he did not possess this new information when he filed his first motion to amend, or even before the deadline to amend the pleadings. On April 22, 2021, Fournier filed his second Motion to Amend. The receipt of new information after the deadline to amend the pleadings provides sufficient grounds in this case to allow Fournier to amend his verified Complaint a second time. *See* M.R. Civ. P. 15(a). On May 25, 2021, the Court granted Fournier's second Motion to Amend.[3]

In connection with this third Motion, Fournier alleges that on July 2, 2021, he received discovery materials showing for the first time that Flats Industrial, Inc. ("Flats") is insolvent. Fournier argues that Flats' insolvency is the necessary predicate to appointing a receiver under 8 Del. C. § 291. Thus, Fournier seeks to add a new Count IV asking this Court to appoint a receiver for Flats.

In Opposition, Defendants contend that Fournier's Motion is untimely, because Fournier could have asked for the relevant discovery earlier in the case but didn't do so. Defendants also argue that Flats is not insolvent, and even if it were, insolvency alone is insufficient to invoke Section 291. According to Defendants, the new Count IV fails to allege all the conditions necessary to request appointment of a receiver.

More importantly, Defendants emphasize that Flats is a Delaware corporation. (Pl.'s 2d. Amd. and Ver. Compl.¶ 2.) Defendants submit that under 8 Del. C. § 291, only the Delaware Court of Chancery is empowered to appoint a receiver. The statute provides, in pertinent part:

_____

[3] The operative pleading for this case is thus Fournier's Second Amended and Verified Complaint (Pl.'s 2d. Amd. and Ver. Compl.).

> Whenever a corporation shall be insolvent, the Court of Chancery, on the application of any creditor or stockholder thereof, may, at any time, appoint 1 or more persons to be receivers of and for the corporation . . . .

8 Del. C. § 291. Defendants thus maintain that this Court lacks jurisdiction to appoint a receiver, and the Motion to Amend must be denied as futile. Futility of amendment may be a reason to deny a motion to amend. *Montgomery v. Eaton Peabody, LLP*, 2016 ME 44, ¶ 13, 135 A.3d 106.

It is unnecessary for this Court to reach the question of jurisdiction. Although the statute appears to reserve to the Delaware Court of Chancery the authority to appoint a receiver, at least one Court in this state has not been dissuaded by the text of Section 291. *See Strunk v. Advent Int'l Corp.*, No. CV-05-457, 2006 Me. Super. LEXIS 286, at *8 (March 27, 2006). The more pertinent question is whether, even if this Court has jurisdiction to appoint a receiver for Flats, this Court should consider doing so. The appointment of a receiver rests in the discretion of the trial court. 8 Del. C. § 291 (the court "may" appoint a receiver); 13-C M.R.S.A. § 1432(1) (a court "may" appoint a receiver); *Bates v. Dep't of Behavioral & Developmental Servs.*, 2004 ME 154, ¶ 86, 863 A.2d 890; *see Beck v. Corinna Trust Co.*, 31 A.2d 165, 169 (Me. 1943). In *Strunk v. Advent Int'l Corp.*, the trial Court considered the possibility of appointing a receiver for a Delaware corporation, but only because the corporation was headquartered in Maine and had substantial ties to Maine.[4] *Strunk*, 2006 Me. Super. LEXIS 286, at *6. Here, not only is Flats a Delaware corporation, but its major asset consists of four miles of railroad track in Cleveland, Ohio. (Pl.'s 2d. Amd. and Ver. Compl. ¶ 8.) Flats' business consists of providing commercial and industrial switching services primarily for the Norfolk Southern

---

[4] The Court ultimately decided, for other reasons, to dismiss the claim for appointment of a receiver.

Railway. *Id.* Fournier alleges that his fellow shareholders have failed to cause Flats to perform necessary repairs and maintenance to its tracks and bridges in Ohio. (Pl.'s 2d. Amd. and Ver. Compl. ¶ 32.) Fournier further alleges various deficiencies with the conduct of Flats' business operations in Ohio. (Pl.'s 2d. Amd. and Ver. Compl. ¶¶ 36-37.) The locus of the company's railroad operations is Ohio, not Maine.

Under the circumstances, therefore, even if this Court has jurisdiction to appoint a receiver for Flats, and even if all the conditions for appointment of a receiver pursuant to Section 291 were satisfied, this Court would decline to exercise its discretion to appoint a receiver. Cf *Zelman v. Zelman,* BCD-CV-19-08, at **17-20 (Bus. & Consumer Ct. April 2, 2019, *Duddy, J.*) aff'd on other grounds by *Zelman v. Zelman*, 2020 ME 138, 242 A.3d 1111. This Court is not well suited to supervise the performance of a receiver for a Delaware corporation conducting railroad operations in Ohio. Accordingly, amending the Second Amended and Verified Complaint to add a new Count IV seeking appointment of a receiver pursuant to 8 Del. C. § 291 would be futile. Fournier's third Motion to Amend is denied.

## CONCLUSION

For all the reasons set forth above, Fournier's third Motion to Amend Verified Complaint is Denied.

SO ORDERED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Date: August 12, 2021

_____

Michael A. Duddy
Judge, Business and Consumer Docket

Entered on the docket: 08/12/2021

4